IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TAMMIE DAVIS, )
)
         Plaintiff, )
)
v. )   Case No. 19-2098-JWL
)
FORD MOTOR COMPANY, )
)
         Defendant. )
)
_____)

## **MEMORANDUM AND ORDER**

On April 9, 2019, the Court ordered plaintiff to show cause (1) why defendant's pending motion to dismiss (Doc. # 9) should not be granted as uncontested; and (2) why defendant's motion should not be granted on the merits. Plaintiff timely responded to the order on April 19, 2019. In that response, plaintiff notes that she filed a motion for leave to file an amended complaint on April 9, 2019 (Doc. # 19); she states that she intended the amended complaint to address the issues raised in defendant's motion to dismiss; and she argues that the allegations in the proposed amended complaint are sufficient to state a claim for relief.[1]

As defendant points out in its reply brief, plaintiff has *not* properly responded to the show cause order because she has *not* addressed her failure to file a timely response to defendant's motion to dismiss. The Court would be justified in dismissing this action for

---

[1] Plaintiff does not argue that her original allegations are sufficient to state a claim.

that reason alone. Nevertheless, as the Court has repeatedly noted, its preference is always for claims to be decided on their merits. *See, e.g.*, *BVM Merriam, LLC v. American Family Mutual Ins. Co.*, 2019 WL 78906, at *1 (D. Kan. Jan. 2, 2019) (Lungstrum, J.) (citing cases). Plaintiff could have amended her complaint as a matter of course in direct response to defendant's motion to dismiss, *see* Fed. R. Civ. P. 15(a)(1)(B), and even if the Court had granted defendant's motion on the merits, it would have allowed plaintiff an opportunity to amend to cure any pleading deficiencies, especially at this early stage of the litigation. Therefore, to further the Court's goal of having cases decided on the merits whenever possible, the Court will allow plaintiff to amend her complaint in response to defendant's motion to dismiss.

Accordingly, the Court **grants** plaintiff's motion for leave to amend (Doc. # 19), and defendant's motion to dismiss (Doc. # 9) is hereby **denied as moot**. Plaintiff shall file her amended complaint as soon as practicable. Defendant shall file its answer or otherwise respond to the amended complaint on or before **May 22, 2019**.[2]

---

[2] The Court previously ordered that defendant did not need to respond to plaintiff's motion for leave to amend until further order. The Court is granting that motion without requesting a response because defendant had the opportunity to reply to plaintiff's show cause response and because any argument concerning the sufficiency of the proposed amended complaint is better considered in the context of a new motion to dismiss. It appears that the amended complaint, which alleges that the subject accident was caused by a defective transmission that shifted unexpectedly, does satisfy plaintiff's relatively light burden to provide sufficient notice to defendant of the claim. Nevertheless, if defendant believes in good faith that the amended complaint is subject to dismissal, it may file a motion under Rule 12 in lieu of an answer.

IT IS SO ORDERED.

Dated this 1st day of May, 2019, in Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge